MARTIN L. WELSH, ESQ.
Nevada State Bar No. 008720
MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 009119
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
E-Mail: mwelsh@lvlaw.com; m.mchenry@lvlaw.com;

Attorneys for Defendant
*BT Supplies West, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Virgin Scent, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>BT Supplies West, Inc.,<br><br>Defendant. | Case Number: 2:23-cv-00308<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, RESPONSE TO PLAINTIFF'S MOTION FOR WRIT OF EXECUTION** |

COMES NOW, Defendant BT Supplies West, Inc. (hereinafter "Defendant" or "BTSW"), by and through its counsel of record, the Law Office of Hayes & Welsh, and hereby files this *Reply in Support of Defendant's Motion to Strike, or in the Alternative, Response to Plaintiff's Motion for Writ of Execution*.

This Reply is based on the following Memorandum of Points and Authorities, any exhibits attached hereto, the pleadings, papers and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested pursuant to Federal Rule of Evidence 201 and any argument this Court may permit at the time of any hearing.

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has failed to properly "register" the foreign judgment at issue in this action and has failed to properly follow Nevada's domestication/enforcement laws, made relevant by this Court in *Kabana v. Best Opal*. That is the common factual and legal nexus that underlies the two pending motions filed by Defendant in this action. The Motion to Deny/Set Aside/Strike Plaintiff's purported "domestication" of the C.D. California judgment [DE #2] and the Motion to Strike Plaintiff's Motion for Writ of Execution [DE #6] both reveal that Plaintiff has failed to properly "register" the relevant C.D. California judgment and failed to properly comply with Nevada's "enforcement" statutes.

First, Plaintiff, admittedly, did not file the AO 451 form – Clerks Certification of a Judgment to Be Registered In Another District (hereinafter "Clerk's Certification") until after Defendant filed its original Motion. Plaintiff only filed the "Exemplified Judgment" which is a requirement, not of registration pursuant to 28 U.S.C. § 1963, but of "domestication" under Nevada state law and enforcement pursuant to Fed. R. Civ. P. 69 and *Kabana v. Best Opal*. Enforcement simply cannot precede registration.

Second, and more importantly, the Clerk's Certification that Plaintiff belatedly filed in this matter [see DE #7 and DE #8] (which under the right circumstances, could have properly served to "register" the judgment), is fatally flawed and was improvidently issued by the C.D. California court because the avowal on its face is and was simply untrue. Plaintiff cannot rely on the Clerk's Certification to register a judgment under 28 U.S.C. § 1963 where an appeal of the C.D. California judgment was and is undoubtedly pending (and an FRCP 4(a)(4)(A) motion was and is pending). Pursuant to 28 U.S.C. § 1963, where an appeal is pending, a judgment creditor is required to move the rendering court for an order allowing registration in another district. That has, quite simply, never happened in this matter. Thus, registration cannot and has not occurred.

Third, Plaintiff has failed to comply with the mandatory requirements of NRS 17.360 where it failed to provide proper notice to Defendant's counsel of record and failed to include

required information in the affidavit of judgment creditor. All these failures mean that no registration has occured and the enforcement prerequisites required by Nevada law have not been met. As a result, this Court should strike or deny Plaintiff's Motion for a Writ of Execution

## II. PROCEDURAL HISTORY

Following entry of the C.D. California judgment at issue in this matter, on December 14, 2022, Defendant filed a Motion for Relief from that Judgment. *See* Motion for Relief filed in C.D. California action attached hereto as **Exhibit 1**. On that same date, Defendant filed a Notice of Appeal to the 9th Circuit Court of Appeals. See Motion for Relief filed in C.D. California action attached hereto as **Exhibit 2.** That Motion for Relief and the Appeal remain pending in the C.D. California court and the court of appeals and were pending when the Clerk's Certification was issued by the C.D. California clerk (improvidently).

Plaintiff acknowledges in its Response [DE #9] that it commenced the pending action by filing an "exemplified judgment" – often referred to as a "triple-sealed judgment" -- which Plaintiff refers to as the "Exemplified Certificate" on or about January 23, 2023. DE #7, p. 2, ll. 18-21. While no document has been produced that shows such a filed-stamped date, it is clear, and admitted, that, while Plaintiff obtained the Clerk's Certificate, they did not file that document with this Court (until March 10, 2023). Further, the only reference to anything occurring on January 23, is a January 23, 2023 entry in the matter *Virgin Scent, Inc v. BT Supplies West, Inc.*, 2:23-cv-106 where it appears that a case was opened by Virgin Scent, Inc, pro se, but where no documents were filed. That case was administratively terminated on the same date it was opened and no documents were apparently filed/entered on the docket. It is thus clear and undisputed that this action was commenced by the filing of an exemplified judgment, not with the filing of the Clerk's Certificate.

Thereafter, on January 27, 2023, Plaintiff, through counsel, filed an Affidavit of Judgment Creditor which contained a purported Notice to Defendant and to a long-terminated attorney along with an exhibit containing the Exemplified Certificate (i.e. the exemplified judgment) but not the Clerk's Certification. The Clerk's Certification was not included in any filing and no January 23, 2023 or any other date-stamped copy of that form was filed prior to Plaintiff's

Response to Defendant's Motion to Set Aside/Deny [DE #7]. Defendant filed its Motion to Deny/Set Aside/Strike on February 24, 2023. [DE # 2]. Plaintiff filed a Response/Opposition to the Motion to Set aside on March 10, and, for the first time, provided a copy of the Clerk's Certification. No filed-stamped dates are contained on that document other than the ones setting forth that it was filed (for the first time) on March 10, 2023. It does not appear that the Clerk's Certification was filed in the C.D. California action. Defendant filed its Motion to Strike Plaintiff's Motion for Writ of Execution on March 6, 2023 [DE #6]. Plaintiff filed a Response on March 17, 2023. This Reply follows.

### III.   LAW AND ARGUMENT

**A.   This Court Should Strike Plaintiff's "Motion for Writ of Execution" Under Its Inherent Power Over the Administration of Its Business or as a Fugitive Document Where there is No Judgment to Enforce Because Plaintiff Has Not Properly Registered the Judgment Pursuant to 28 U.S.C. § 1963.**

**1.   The Clerk's Certification Is Fatally Flawed and Is Not a Substitute for An Order From The C.D. California Court Authorizing Registration Upon a Proper Showing.**

Plaintiff persists in claiming that it has "registered" the C.D. California judgment based, apparently, on the "existence" of the unfiled Clerk's Certification and the filing of an "exemplified judgment." Plaintiff's claim is unfounded. 28 U.S.C. § 1963 mandates that registration in another district requires a motion to, and order from, the rendering court where a relevant post-trial motion or appeal of the relevant judgment is pending. In other words, under 28 U.S.C. § 1963, before Virgin Scent can register the instant judgment, it must seek an "order" of the rendering court authorizing registration in this district because a relevant post-trial motion and an appeal of the C.D. California judgment is pending. Plaintiff cannot rely on an unfiled, clearly improvidently granted, and facially invalid Clerk's Certification (and substitute in its place an exemplified judgment) as the basis for registration. Registration must proceed under the rules set forth at 28 U.S.C. § 1963.

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other

> district or, with respect to the Court of International Trade, in any judicial district, **when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown**. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien . . . .

(emphasis added). The AO451 "clerk's certification" is a form that allow a judgment creditor of a judgment from one district court to seek certification from the clerk of that court, that (1) a judgment has been issued by that court, (2) that no motions pursuant to Fed. R. App. P. 4(a)(4)(A) are pending and (3) that, furthermore, no appeal is pending. (See Form AO451, p. 1, at DE #8). Once a clerk issues that "clerk's certification" the judgment creditor can file that document in another district and will then have a judgment of that new district, enforceable as any other judgment. In the instant case, Plaintiff sought an AO451 clerk's certification from the C.D. California clerk **despite knowing that a 4(a)(4)(A) motion was pending and despite knowing that an appeal was pending**. This improper attempt to seek certification was then compounded by the C.D. California clerk who, despite the 4(a)(4)(A) motion and pending appeal, improvidently issued the certification.

There is no dispute that the C.D. California judgment is subject to both a 4(a)(4)(A) motion and a pending appeal.[1] (*See* Exhibits 1 and 2.) Pursuant to 28 U.S.C. § 1963, it is thus enforceable only in the rendering district absent an **order** of the "**the court that entered the judgment for good cause shown**" authorizing registration in another district. 28 U.S.C. § 1963; *Columbia Pictures Industries, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). That has clearly not happened here. Despite a pending appeal, Plaintiff has not sought an "order" from the C.D. California court authorizing enforcement of the

---

[1] Plaintiff does not assert that there is no relevant post-trial motion or appeal pending, it merely states that Plaintiff "relied" on the "clerk's certification" that it could move forward with registration. Reliance on that document in the face of clear knowledge of the existence of facts that render that "clerk's certification" untrue cannot serve as a basis for registration here, especially in light of the clear requirements of 28 U.S.C. § 1963 and *Columbia Pictures Industries, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001).

judgment here.  It has not made a showing of "good cause" for such an order.  It has not obtained such an order.  The obviously materially false, improvidently issued "Clerk's Certification" is no substitute for such an order.

Consequently, where there has been no registration, there is no judgment for Plaintiff to enforce in this Court.  That fact renders Plaintiff's instant Motion for Writ of Execution fugitive.  Its existence on the docket, furthermore, is confusing and does nothing to further any resolution of this matter.  Plaintiffs Motion for Writ of Execution should thus be stricken or, alternatively, simply denied where it seeks to enforce a C.D. California judgment that is not yet, and may never be, a judgment of this Court.

### 2. Plaintiff's Attempt to Register the Judgment Did Not Proceed, But Followed Its Attempt to Enforce the Judgment in Violation of the Requirements of *Kabana v. Best Opal* and FRCP 69.

While it is clear that the Clerk's Certification is not sufficient to "register" the C.D. California judgment in this case (where a post-trial motion and an appeal are pending), in the unlikely event this Court holds otherwise, the fact that the "registration" was only (disputedly) accomplished after the domestication/enforcement process was commenced means that Plaintiff would, at best, need to re-start the enforcement procedures required by this Court in *Kabana v. Best Opal Case*, No. 2:06-cv-00806, *p. 5 (Dist. Nev. Feb. 15, 2007).

In *Kabana*, after reviewing the interplay between 28 U.S.C. § 1963 and execution proceedings under FRCP 69, Judge Sandoval concluded that "**once Kabana's judgment was registered in Nevada pursuant to 28 U.S.C. § 1963, the execution procedures are then governed by Nevada law.**" NRS 17.360; *Id. (emphasis added.)*  Thus, pursuant to *Kabana*, the first step for enforcement of another U.S. District court's judgment in Nevada is registration, the second is compliance with Nevada's domestication notice provisions as made relevant by FRCP 69's invocation of each state's enforcement provisions.  Here, all evidence on file on this Court's docket and Plaintiff's own argument in its Response reveals that the first document filed in this action was not the registration document – the Clerk's Certification -- improvidently issued by the C.D. California court -- it was the "exemplified judgment" required to domesticate a judgment under state law and enforce a previously registered judgment pursuant to *Kabana*.

Plaintiff only arguably registered the judgment on March 10, 2023[2]. Plaintiff cannot put step two in front of step one. Thus, even if this Court were to find that the filing of the improvidently filed Clerk's Certification worked to properly register the C.D. California judgment when it was belatedly filed, Plaintiff should nevertheless be required to re-start the "enforcement" process as set forth in *Kabana*.

   **B.** **Failure to Properly Follow Mandatory State Domestication Requirements at NRS 17.330 et. seq., Renders Plaintiff's Motion for Writ of Execution Fugitive and Superfluous and Subject to Strike.**

  As Judge Sandoval held in *Kabana v. Best Opal, Inc.*, **after** registration of the foreign federal judgment under 28 U.S.C. § 1963, the judgment creditor is required to follow Nevada's procedures in executing on the judgment, including compliance with the domestication statute found in NRS 17.330 et. seq. *Kabana*., Order, Case No. 2:06-cv-00806, at *4 (Dist. Nev. Feb. 15, 2007). Thus, if the judgment creditor has not complied with the requirements contained in NRS 17.360, no execution or other process of enforcement can be issued. *Id*. at *6. Plaintiff's protestations to the contrary notwithstanding, Plaintiff has not complied with NRS 17.360.

  Review of the Affidavit of Judgment Creditor [DE # 1] and as attached to the "Certificate of Mailing" of that Affidavit [DE #3] reveals at least two deficiencies that preclude enforcement. First, while the Nevada statute states that the judgment creditor "**shall file**" an affidavit setting forth the "post office address of the judgment creditor **and** the judgment creditor's attorney," Plaintiff only provided Plaintiff's attorney's address in lieu of providing Plaintiff's true post office address. *See* NRS 17.360(2)(emphasis added). The mandatory nature of that requirement makes Plaintiff's claim of "substantial compliance" unavailing. (*See* Plaintiff's Response, p. 3, ll. 22-23.)

  Second and most egregiously, NRS 17.360 requires that judgment creditor "**shall mail notice of the filing of the judgment and affidavit, attaching a copy of each to the notice, to the judgment debtor and to the judgment debtor's attorney of record.**" Plaintiff admittedly failed to mail notice of the filing of the domestication to the judgment debtor's current attorney

---

[2] Our argument above shows that the purported registration is fatally defective given the materially false avowal on the "Clerk's Certification."

of record.  Plaintiff now claims that it substantially complied with the statute where it mailed to the Defendant and mailed to whom it thought was Defendant's attorney of record.  Not bothering to review the list of counsel in the C.D. California action, even cursorily, to determine who might be listed as counsel of record, cannot constitute "substantial compliance" with NRS 17.360.  The fact that Defendant, a conscientious entity, acted on the notice it received, does not excuse Plaintiff's failure to take a moment to actually comply with their statutory requirements in their attempt to enforce a more than $17,000,000.00 judgment.  Defendant was and remains represented by counsel in the C.D. California action, a fact easily ascertainable by a review of the docket of the underlying action.  NRS 17.360(2) requires service on that counsel, not merely upon Defendant itself, a represented party, and certainly not on long terminated counsel.

Consequently, Plaintiff having failed to properly comply with the domestication/enforcement provisions of NRS 17.330 et. seq. and FRCP 69 and *Kabana v. Best Opal*, Defendant respectfully requests that Defendant's Motion be granted and that this Court deny or strike Plaintiff's Motion for Writ of Execution.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court strike Defendant's Motion for Writ of Execution as a fugitive document or deny that Motion where no judgment now exists under which enforcement can occur and due to Plaintiff's failure to abide by Nevada state enforcement procedures.  Alternatively, this Court should deny Plaintiff's Motion for Writ of Execution in light of the current dispute and Defendant's pending motion to deny or set aside Plaintiff's purported "domestication" of the C.D. California judgment.

Dated this 24th day of March, 2023.

LAW OFFICE OF HAYES & WELSH

By:  */s/ Martin L. Welsh*
MARTIN L. WELSH, ESQ.
Nevada State Bar No. 8720
MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 9119
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
*Attorneys for Defendant BT Supplies West*
