MARTIN L. WELSH, ESQ.
Nevada State Bar No. 008720
MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 009119
LAW OFFICE OF HAYES & WELSH
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
E-Mail: m.mchenry@lvlaw.com; mwelsh@lvlaw.com

*Attorneys for Defendant*
*BT Supplies West, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Virgin Scent, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BT Supplies West, Inc., <br><br> Defendant. | Case Number: 2:23-cv-00308 |

**DEFENDANT'S MOTION TO QUASH WRIT OF EXECUTION**

COMES NOW, Defendant BT Supplies West, Inc. (hereinafter "Defendant"), by and through its counsel of record, the Law Office of Hayes & Welsh, and hereby files *Defendant's Motion to Quash Writ of Execution.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is based upon the below Memorandum of Points and Authorities, the papers and pleadings on file in this action, and any oral argument this Court may hear.

Dated this 3rd day of November, 2023

LAW OFFICE OF HAYES & WELSH

By: /s/ Megan K. McHenry
MARTIN L. WELSH, ESQ.
Nevada State Bar No. 8720
MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 9119
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
(702) 434-3444
*Attorneys for Defendant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This Honorable Court already acknowledged that Plaintiff failed to obtain an order from the C.D. California Judge allowing the C.D. California Judgment to be domesticated to Nevada while the appeal to the Ninth Circuit was pending. This case was stayed for several months as a result. After the appeal was dismissed, Plaintiff was required to obtain and file a valid Certification of a Judgment to be Registered in Another District (Form AO 451). Plaintiff failed to do so and instead began execution efforts against Defendant without complying with the statutory requirements set forth in NRS 17.360(1) and (2), or waiting for 30 days after the statutory requirements were complied with, as required under NRS 17.360(3). Therefore, the Writ of Execution erroneously issued should be quashed immediately.

**II.     PROCEDURAL HISTORY**

On or about November 16, 2022, the Honorable Dolly M. Gee, District Judge for the United States District Court for the Central District of California entered a Judgment on the Verdict for Plaintiff in the amount of $17,782,000 in Case No. 2:21-cv-00184-DMG-AS (C.D. California judgment). (*See* Exemplified California Judgment attached hereto as **Exhibit 1**). On December 14, 2022, Defendant filed a Motion for Relief from Judgment in the C.D. California. (*See* Civil Docket for Case #: 2:21-cv-00184-DMG-AS (relevant part) at DE #220, p. 5, attached

hereto as **Exhibit 2**). Also, on December 14, 2022, Defendant filed a Notice of Appeal to the 9th Circuit Court of Appeals. (*See* Exhibit 2 at DE #221, p. 5.) On January 4, 2023, Plaintiff obtained an exemplified copy of the C.D. California judgment. (*See* Exhibit 1.)

On January 27, 2023, Plaintiff filed an Affidavit of Judgment Creditor attaching thereto the exemplified copy of the C.D. California judgment, purportedly to "domesticate" the judgment to Nevada. [DE #1.] On March 10, 2023, Plaintiff filed a Certification of a Judgment to be Registered in Another District (Form AO 451). The Certification was erroneously issued by the Clerk of Court in the C.D. California on January 20, 2023, while the appeal was pending [DE #8].

On February 24, 2023, Defendant filed a Motion to Deny and/or Set Aside and/or Strike Plaintiff's "Domestication" of Foreign Judgment or for Stay of Execution Pursuant to 28 U.S.C. § 1963 and NRS 17.330 *et. seq*. [DE #2]. On February 27, 2023, Plaintiff filed a Certificate of Mailing [DE # 3] confirming that Plaintiff did not serve Defendant's current attorneys of record in violation of NRS 17.360. Also, on February 27, 2023, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution [DE #4] even though they were on notice of the invalidity of the judgment domestication procedures Plaintiff used in this case.

On April 17, 2023, this Court denied without prejudice: Defendant's Motion to Deny and/or Set Aside and/or Strike Plaintiff's "Domestication" of Foreign Judgment or for Stay of Execution Pursuant to 28 U.S.C. § 1963 and NRS 17.330 *et. seq*. [DE #2], Plaintiff's Motion for Writ of Execution [DE #4], and Defendant's Motion to Strike [DE #6]. The motions were all denied due to the pending appeal in the C.D. California and Plaintiff's failure to obtain an order from the C.D. California allowing for registration of the C.D. California judgment to Nevada while the appeal was pending [DE #14].

On June 30, 2023, the Honorable Dolly M. Gee denied Plaintiff's motion for order allowing registration of the C.D. California judgment in the District of Nevada. (*See* Exhibit 2 at DE #300, p. 11.) On August 2, 2023, the Ninth Circuit Court of Appeals dismissed Defendant's appeal. (*See* Exhibit 2 at DE #311, p.12.)

On October 16, 2023, a Status Conference was held regarding the status of the C.D. California judgment. The Judge noted that since the C.D. California appeal had been dismissed, the C.D. California judgment could be registered in the District of Nevada. The Judge ordered Plaintiff to file an Amended Notice of Judgment by October 23, 2023 [DE #17].

On October 23, 2023, Plaintiff filed an Amended Notice of Registration of Judgment and Affidavit of Judgment Creditor's Counsel [DE #22]. Also on October 23, 2023, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution [DE #23]. On October 30, 2023, the Clerk of Court issued a Writ of Execution [DE #24].

Although Plaintiff filed an Amended Notice of Registration of Judgment and Affidavit of Judgment Creditor's Counsel, the Writ of Execution should be quashed for the following reasons. First, Plaintiff's Amended Notice of Registration was based on a void Clerk's Certification. Second, Plaintiff failed to comply with the statutory requirements set forth in NRS 17.360(1) and (2). Third, Plaintiff failed to wait thirty days after the Amended Notice was served to request issuance of a Writ of Execution as required under NRS 17.360(3). Therefore, the Writ of Execution should be quashed.

### III.  LAW AND ARGUMENT

**A.  A Writ of Execution that Violates Federal and State Laws and Procedures Should be Quashed.**

28 U.S.C. § 1963 governs registration of a federal judgment in another judicial district. It provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> **The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.**

(emphasis added). Registration of a federal judgment in another judicial district requires filing a notice or certificate of registration of the rendering court judgment in the court where enforcement is sought (Form AO 451).

FRCP 69(a) governs execution on a money judgment. It provides in relevant part:

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—**must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies**.

(emphasis added). Where a writ of execution violates state law, a motion to quash the writ of execution should be granted. *See Credit Managers Ass'n of Southern California v. Kennesaw Life and Acc. Ins. Co.*, 25 F.3d 743, 752 (9th Cir. 1994).

**B.  Plaintiff Failed to Register a Valid Certification of Judgment Pursuant to 28 U.S.C. § 1963 and the Writ of Execution Should be Quashed as a Result.**

In *Kabana v. Best Opal, Inc.*, Order, Case No. 2:06-cv-00806 (Dist. Nev. Feb. 15, 2007), after reviewing the interplay between 28 U.S.C. § 1963 and execution proceedings under FRCP 69, the Honorable Judge Brian Sandoval concluded that "**once Kabana's judgment was registered in Nevada pursuant to 28 U.S.C. § 1963, the execution procedures are then governed by Nevada law**" (i.e. NRS 17.360). *Id.* at *5. *(emphasis added.)* Thus, pursuant to *Kabana*, the first step for enforcement of another U.S. District Court's judgment in Nevada is registration, the second is compliance with Nevada's domestication notice provisions as made relevant by FRCP 69's invocation of each state's enforcement provisions. *Kabana* requires a two-part process for making an out of state U.S District Court's judgment a District of Nevada judgment: first, registration pursuant to 28 U.S.C. § 1963 and second, execution/enforcement pursuant to FRCP 69 and NRS 17.360. *Kabana* held that since the judgment creditor "had not complied with NRS 17.360, no execution or other process of enforcement could be issued." *Id.* at *6.

In this case, the only Clerk's Certification (Form AO 451) filed in this case was issued on January 20, 2023 [DE #8]. It was already determined that the C.D. California Clerk of Court erroneously issued the Certification, since at the time it was issued there was an appeal pending

and an order allowing registration had not been entered by District Judge Gee in the C.D. California. Therefore, the Clerk of Court lacked authority to issue the Certification and it was invalid. Plaintiff has not filed a Clerk's Certification issued by the Clerk after dismissal of the appeal before the Ninth Circuit Court of Appeals. Therefore, the C.D. California Judgment has not been domesticated to Nevada pursuant to the procedure set forth in 28 U.S.C. § 1963, there is no judgment to enforce, and the Writ of Execution should be quashed.

      **C.    Plaintiff Failed to Comply with the Requirements Set Forth in NRS 17.360(1) and (2) and the Writ of Execution Should be Quashed as a Result.**

As this Court recognized in *Kabana*, the statutory requirements set forth in NRS 17.360 must be complied with before any execution on the judgment can take place in Nevada, including the issuance of a Writ of Execution. *Id*. at *6. Once Plaintiff files a valid Clerk's Certification to register the C.D. California Judgment to the District of Nevada pursuant to 28 U.S.C. § 1963, then Plaintiff must comply with NRS 17.360 before execution on the District of Nevada Judgment can occur. NRS 17.360 states:

> 1. At the time of the filing of the foreign judgment, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit setting forth the name and last known post office address of the judgment debtor and the judgment creditor. The affidavit must also include a statement that the foreign judgment is valid and enforceable, and the extent to which it has been satisfied.
>
> 2. Promptly upon filing the foreign judgment and affidavit, the judgment creditor or someone on behalf of the judgment creditor shall mail notice of the filing of the judgment and affidavit, attaching a copy of each to the notice, to the judgment debtor and to the judgment debtor's attorney of record, if any, each at his or her last known address by **certified mail, return receipt requested. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's attorney, if any, in this state. The judgment creditor shall file with the clerk of the court an affidavit setting forth the date upon which the notice was mailed.**
>
> 3. No execution or other process for enforcement of a foreign judgment may issue until 30 days after the date of mailing the notice of filing.

(emphasis added).

Plaintiff's Amended Affidavit of Judgment Creditor's Counsel [DE #21] and Amended Notice of Registration of Judgment and Affidavit of Judgment Creditor's Counsel [DE #22] failed to comply with the requirements set forth in NRS 17.360(1) and (2). First, while the

statute states that the judgment creditor **shall** file an affidavit setting forth the "last known post office address" of the judgment creditor, Plaintiff only provided Plaintiff's attorney's address in the affidavit. *See* NRS 17.360(1). Additionally, the notice of filing **shall** include the name and post office address of the judgment creditor <u>and</u> the judgment creditor's attorney. *See* NRS 17.360(2). It is clear from the requirement that the affidavit and notice of filing set forth a "post office address" of the judgment creditor, as distinguished from an attorney's address, that providing only an attorney's address is not sufficient. Judgment creditor's actual address is required. Plaintiff failed to so provide.

Second, the notice of filing failed to contain the name and post office address of **judgment creditor's attorney**, in addition to the name and post office address of the judgment creditor. NRS 17.360(2) provides that both addresses must be provided in the notice of filing, however, Plaintiff only provided one address in the affidavit required under NRS 17.360(1) and no addresses in the notice of filing required under NRS 17.360(2).

Third, NRS 17.360(2) requires that the notice of filing and affidavit must be mailed to the judgment debtor and judgment debtor's attorney of record at their last known addresses by **certified mail**, return receipt requested. The judgment creditor is then required to file an affidavit setting forth the date upon which the notice was mailed. Although the Amended Notice of Registration filed by Plaintiff in this case contains a certificate of service, it does not contain an **affidavit** of mailing stating the date that the notice was mailed and that it was sent by **certified** mail.

**D.**     ***Kabana* and NRS 17.360(3) Prohibit Execution on the Nevada Judgment for Thirty Days After the Date of Mailing the Notice of Filing.**

After Plaintiff complies with the requirements set forth in NRS 17.360(1) and (2), NRS 17.360(3) mandates: "No execution or other process for enforcement of a foreign judgment may issue until 30 days after the date of mailing the notice of filing." Plaintiff requested issuance of the Writ of Execution [DE #23] on the same day that the Amended Notice of Registration of Judgment and Affidavit of Judgment Creditor's Counsel [DE #22] was filed, and the Writ of Execution [DE #24] was issued seven days after. It is indisputable that Plaintiff failed to wait

30 days before requesting and obtaining issuance of a Writ of Execution to enforce the foreign judgment. Therefore, the Writ of Execution was issued in violation of NRS 17.360(3) and should be quashed immediately.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court quash Plaintiff's Writ of Execution immediately since it was issued in violation of 28 U.S.C. § 1963, *Kabana* and NRS 17.460. First, Plaintiff failed to properly domesticate the C.D. California Judgment to Nevada by filing a **valid** Clerk's Certification (Form AO 451). Second, Plaintiff failed to comply with the statutory requirements set forth in NRS 17.360(1) and (2) before commencing execution on the Judgment. Finally, Plaintiff failed to wait 30 days after serving the notice of filing before requesting and obtaining a Writ of Execution.

Dated this 3rd day of November, 2023

LAW OFFICE OF HAYES & WELSH

By:   */s/ Megan K. McHenry*
MARTIN L. WELSH, ESQ.
Nevada State Bar No. 8720
MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 9119
199 North Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
(702) 434-3444
*Attorneys for Defendant*
*BT Supplies West, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of November, 2023, I electronically filed the foregoing document entitled: **DEFENDANT'S MOTION TO QUASH WRIT OF EXECUTION** (and all exhibits) with the clerk of the above-noted court by using the CM/ECF system which will send a notice of electronic filing to counsel of record in this case.

By:   */s/ Megan K. McHenry*
    *Attorney for Defendant BT Supplies West, Inc.*